IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JARRICK EARL DENEWILER,

    Petitioner,

v.                                                                   No. 24-cv-1243 SMD/KK

ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO, *et al.*,

    Respondents.

## **MEMORANDUM OPINION AND ORDER DIRECTING AMENDMENT**

This matter is before the Court on Petitioner Jarrick Earl Denewiler's Habeas Corpus Petition Under 28 U.S.C. § 2254 (Doc. 1) (Petition), filed December 11, 2024. Petitioner is proceeding *pro se* and was incarcerated when he filed the Petition. He challenges his state convictions for two counts of aggravated assault upon a peace officer, two counts of aggravated assault with a deadly weapon, one count of aggravated fleeing a law enforcement officer, and one count of criminal damage to property. Also before the Court is Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 4) (IFP Motion). Petitioner paid the $5.00 habeas filing fee on April 7, 2025. Accordingly, to the extent Petitioner seeks a waiver of the $5.00 habeas filing fee, the request is moot. To the extent he seeks other benefits of *in forma pauperis* status, such as court-supplied service, the IFP Motion (Doc. 4) will be granted.

## **BACKGROUND**

On April 12, 2023, Petitioner was found guilty following a bench trial of two counts of aggravated assault upon a peace officer, two counts of aggravated assault with a deadly weapon, one count of aggravated fleeing a law enforcement officer, and one count of criminal damage to

property. *See* Judgment and Sentence, filed in Case No. D-101-CR-2021-157.[1] The state court sentenced him to a total term of 18 years imprisonment. *Id.* The judgment on the conviction and sentence was entered May 2, 2023. *See id.* Petitioner filed a direct appeal, and the New Mexico Court of Appeals (NMCA) affirmed the conviction and sentence on February 19, 2024. *See* Memorandum Opinion, filed in Case No. A-1-CA-41165. The New Mexico Supreme Court (NMSC) denied certiorari relief on April 10, 2024. *See* Order Denying Cert. Pet., filed in Case No. S-1-SC-40344. The state dockets reflect Petitioner did not seek further review with the United States Supreme Court (USSC). His conviction therefore became final, at the latest, on July 9, 2024, *i.e.,* the first business day after expiration of the 90-day federal certiorari period. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (where petitioner declines to seek federal certiorari review on direct appeal, the conviction becomes final after the 90-day USSC certiorari period has passed).

On August 13, 2024, Petitioner filed a state habeas petition. *See* Petition for Writ of Habeas Corpus, filed in Case No. D-0101-CR-2021-00157. The state court denied the state habeas petition on October 15, 2024, and the NMSC denied certiorari relief on January 8, 2025. *See* Order on Petition for Writ of Habeas Corpus, filed on Case No. D-101-CR-2023-0248, and Order Denying Cert. Pet., filed in Case No. S-1-SC-40674.[2]

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Petitioner's state court criminal dockets, Case Nos. D-101-CR-2021-157, D-101-CR-2023-248, A-1-CA-41165, S-1-SC-40344, and S-1-SC-40674. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

[2] The state district court entered its order denying Petitioner's state habeas petition in Case No. D-101-CR-2023-0248, where Petitioner had filed an earlier habeas petition prior to his bench trial.

## **DISCUSSION**

Based on the foregoing, the December 11, 2024 Petition appears to be filed within one year of when Petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A); *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001) (A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."). The Petition does not appear to be successive, Petitioner alleges he exhausted state remedies, and Petitioner's arguments warrant a full review of the state record. This case would normally survive initial screening, but the Court cannot order an answer to the current pleadings because the Petition does not contain a short, plain statement of the grounds for relief, as required by Fed. R. Civ. P. 8(a). It also fails to "substantially follow … the form" Section 2254 petition, as required by Habeas Corpus Rule 2(d). The Petition consists of 160 pages, most of which is a lengthy written narrative describing the history of the criminal proceedings and habeas arguments interspersed throughout the case history. The Petition also includes exhibits and records from his state case.

It is not the role of the Court to "sort through a lengthy … [pleading] and voluminous exhibits … to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted). The Court will therefore order Petitioner to file a single, amended petition limited to thirty-five (35) pages within thirty (30) days of the date of this Order. When drafting his amendment, Petitioner should include a brief description of each claim (*e.g.*, "ineffective assistance by trial counsel" or "erroneous admission of testimony by Jane Doe") in the sections of the Section 2254 petition titled "Ground One," "Ground Two," etc. If Petitioner must use additional pages, they should follow the same general format as the form petition (*i.e.*, he should number each ground for relief and include a <u>brief</u> description of the alleged wrongdoing under the header). Petitioner need not include lengthy arguments; his counseled appellate briefs,

which include more information about each claim, will be part of the record if he complies with this Order. Respondents are responsible for providing the state record in a *pro se* habeas proceeding, and Petitioner may request additional records if Respondents' filings are incomplete.

If Petitioner fails to timely file an amended Section 2254 petition that complies with Rule 8(a) and this Order, the Court may dismiss this action with prejudice and any future Section 2254 filings may be time barred. The Clerk's Office will mail Petitioner another copy of the Section 2254 form, which he should use when drafting the amendment.

**IT IS THEREFORE ORDERED** that Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (**Doc. 4**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner shall file an amended Section 2254 petition within thirty (30) days of the date of this Order that is limited to 35 pages and is consistent with the above instructions. The Clerk's Office shall **MAIL** Petitioner a blank Section 2254 form.

_____
SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE